UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :
UNITED STATES OF AMERICA                 :
                                         :
            -v.-                         :    **SEALED SUPERSEDING**
                                         :    **INDICTMENT**
CHIBUNDU JOSEPH ANUEBUNWA,               :
                                         :    S7 16 Cr. 575
            Defendant.                   :
                                         :
- - - - - - - - - - - - - - - - - - - - X

COUNT ONE

(Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

RELEVANT PERSONS AND ENTITIES

1.  CHIBUNDU JOSEPH ANUEBUNWA, the defendant, is a Nigerian national who, at all times relevant to this Indictment, resided in Lagos, Nigeria.

BUSINESS EMAIL COMPROMISE SCAMS

2.  From at least in or about 2014 through in or about 2016, CHIBUNDU JOSEPH ANUEBUNWA, the defendant, and others known and unknown, participated in Business Email Compromise scams ("BEC scams") targeting thousands of victims around the world, including the United States. As part of the BEC scams, emails were sent to employees of various companies directing that funds be transferred to specified bank accounts. The emails purported to be from supervisors at those companies or third party vendors

that did business with those companies. The emails, however, were not legitimate--rather, they were either from email accounts with a very similar domain name, or the emails themselves had been modified to appear as if they were from legitimate email addresses. After victims complied with the fraudulent wiring instructions, the transferred funds were quickly withdrawn or moved into different bank accounts. In total, the BEC scams attempted to defraud millions of dollars from victims.

3.      CHIBUNDU JOSEPH ANUEBUNWA, the defendant, and others carried out BEC scams by exchanging information regarding: (1) bank accounts used for receiving funds from victims; (2) email accounts used for communicating with victims; (3) scripts for requesting wire transfers from victims; and (4) lists of names and email addresses for contacting and impersonating potential victims.

### THE JUNE 2015 BEC SCAM

4.      For example, on or about June 18, 2015, an employee ("Employee-1") at an investment firm ("Company-1") in New York, New York received an email ("Email-1") that appeared to be from an investment adviser at a different company ("Company-2"). Email-1 instructed Employee-1 to prepare a wire transfer from Company-1's bank account for approximately $25,200 in connection

with a purported investment in an annuity fund. Email-1 also included details regarding the bank account ("Account-1") into which the wire transfer should be made. Employee-1 later learned that Email-1 was not sent by an investment adviser at Company-2. On or about June 19, 2015, Employee-1 received a second email ("Email-2") purporting to be from Company-2 requesting a second wire transfer in the amount of approximately $75,100. Knowing that Email-2 was fraudulent, Employee-1 did not comply.

5. On June 18, 2015--the same day that Employee-1 was directed to wire transfer funds to Account-1--a co-conspirator not named herein ("CC-1") received a message from a co-conspirator not named herein ("CC-2") that included the account name, account number, routing number, and address associated with Account-1, the same bank account information that was sent to Employee-1. Several hours later, CC-1 stated to CC-2: "25200 Done . . . Tomorrow i go do better." CC-1 then sent to CC-2 the account name, account number, routing number, and address associated with Account-1. As set forth above, Email-1 directed that Employee-1 wire transfer $25,200 to Account-1.

## THE FEBRUARY 2015 BEC SCAM

6. On or about February 13, 2015, an employee ("Employee-2") at a graduate school of music ("School-1") in Cleveland,

3

Ohio received an email ("Email-3") that appeared to be from the President of School-1. Email-3 instructed Employee-2 to prepare a wire transfer from School-1's bank account for approximately $24,000. Email-3 also included details regarding the bank account ("Account-2") into which the wire transfer should be made. After learning that a coworker had received a similar email, Employee-2 did not comply.

7. On or about February 11, 2015--two days before Employee-2 was directed to wire transfer funds to Account-2-- CHIBUNDU JOSEPH ANUEBUNWA, the defendant, received an email from a co-conspirator not named herein ("CC-3") that included the bank name, bank address, account name, account number, and routing number associated with Account-2, the same bank account information that was sent to Employee-2. Similarly, on or about February 2, 2015, CC-1 sent a message to CC-3 with the same information associated with Account-2. On or about January 13, 2015, CC-3 sent a message to a co-conspirator not named herein ("CC-4") with the same information associated with Account-2 and stated: "guy c the info no too complte . . . Bank address no dey home address too . . . fone num n ask if she can drop her ssn too . . . jst get back to me on time." CC-4 then responded with a home address in Michigan and stated: "thats it."

4

THE CONSPIRACY

8.   From at least in or about 2014 up to and including until at least in or about 2016, in the Southern District of New York and elsewhere, CHIBUNDU JOSEPH ANUEBUNWA, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

9.   It was a part and object of the conspiracy that CHIBUNDU JOSEPH ANUEBUNWA, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
(Wire Fraud)

The Grand Jury further charges:

10. The allegations set forth in paragraphs 1 through 7 are repeated and realleged as if set forth fully herein.

11. From at least in or about 2014, up to and including at least in or about 2016, in the Southern District of New York and elsewhere, CHIBUNDU JOSEPH ANUEBUNWA, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, ANUEBUNWA sent emails instructing employees to wire transfer funds to bank accounts controlled by BEC scheme participants.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATIONS

12. As a result of committing the offenses alleged in Counts One and Two of this Indictment, CHIBUNDU JOSEPH ANUEBUNWA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C)

and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses described in Counts One and Two of this Indictment.

<u>Substitute Assets Provision</u>

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

> (Title 18, United States Code, Section 981(a)(1)(C);
> Title 21, United States Code, Section 853(p);
> Title 28, United States Code, Section 2461(c).)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

CHIBUNDU JOSEPH ANUEBUNWA,

Defendant.

INDICTMENT

S7 16 Cr. 575

(18 U.S.C. §§ 1343, 1349.)

PREET BHARARA
United States Attorney

*William Bernhardt*
Foreperson

10/26/16 - Filed Sealed Superseding Indictment
cc

*for*
*rising*