UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 4/28/2025 |
| Plaintiff, | |
| -against- | 1:16-cr-575-MKV |
| CHIBUNDU JOSEPH ANUEBUNWA, | **ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE** |
| Defendant. | |

MARY KAY VYSKOCIL, United States District Judge:

The defendant, Chibundu Joseph Anuebunwa, pleaded guilty before Judge Crotty to one count of Conspiracy To Commit Wire Fraud in violation of 18 U.S.C. § 1349 [ECF Nos. 106, 114]. Judge Crotty sentenced Defendant principally to sixty-six months of imprisonment [ECF No. 114 at 2]. Judge Crotty determined that it was not appropriate to impose a term of supervised release after Defendant's release from prison [ECF No. 114 at 3 ("No supervision")].

Defendant is an illegal alien [ECF No. 109 at 2; ECF No. 119 ("Mot.") at 1]. As the Second Circuit has explained, "Section 5D1.1(c) of the United States Sentencing Guidelines ('U.S.S.G.' or 'Guidelines') provides that district courts 'ordinarily should not impose a term of supervised release in a case in which . . . the defendant is a deportable alien who likely will be deported after imprisonment.'" *United States v. Alvarado*, 720 F.3d 153, 155 (2d Cir. 2013) (quoting U.S.S.G. § 5D1.1(c)). A district court has discretion, without departing from the Guidelines, to impose a term of supervision if it makes a finding that such sentence "would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id*. (quoting *United States v. Valdavinos–Torres*, 704 F.3d 679, 693 (9th Cir. 2012)). Judge Crotty did not so find in this case, however [ECF No. 114 at 3; ECF No. 116].

While serving his sentence, Defendant, proceeding *pro se,* filed a motion for a modification

of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), citing *United States v. Perez Sanchez*, 2024 WL 1069884 (E.D.N.Y. Mar. 12, 2024) [ECF No. 119 ("Mot.")].  Shortly thereafter, this case was reassigned to this Court.  Defendant asks the Court to "reduce his sentence by a term of 3 months and impose 30 days of supervised release."  Mot. at 1.

As Defendant explains in his motion, he seeks both the imposition of a term of supervised release and a reduction in his term of imprisonment in order to facilitate his early release pursuant to the First Step Act (the "FSA").  *See* Mot. at 1, 3.  The FSA provides that eligible prisoners can earn time credits by participating in certain "recidivism reduction programs" and apply the credits "toward time in prerelease custody or supervised release."  18 U.S.C. § 3632(d)(4)(C)).  For a prisoner to be eligible to apply such time credits, his sentence must include a term of supervised release.  *See id*. §§ 3632(d)(4)(C), 3624(g)(3); *United States v. Mina-Arce*, 2024 WL 4635375 (S.D.N.Y. Oct. 30, 2024); *United States v. Pina*, 2023 WL 8759830, at *6 (S.D.N.Y. Dec. 19, 2023).  A prisoner is "ineligible to apply time credits" if he is "the subject of a final order of removal under any provision of the immigration laws."  18 U.S.C. § 3632(d)(4)(E)(i).

A district court ordinarily "may not modify a term of imprisonment once it has been imposed" unless "extraordinary and compelling reasons" and the 3553(a) factors "warrant . . . a reduction" of the defendant's sentence.  18 U.S.C. § 3582(c); *see United States v. Fleming*, 5 F.4th 189, 194 (2d Cir. 2021).  Defendant argues that his inability to apply time credits toward early release under the FSA "constitutes extraordinary and compelling circumstances."  Mot. at 3.  Defendant explains in his motion that he requests a 3-month reduction in his term of imprisonment, as well as the *addition* of a term of supervised release, because other courts have denied similar motions (seeking the imposition of a term of supervision to enable the defendant to apply time credits under the FSA) on the ground that section 3582(c) expressly contemplates a *reduction* in

sentence. *See* Mot. at 3.

This Court joins a number of other judges in this District in concluding that "a defendant's desire to earn time credits under the FSA, without more, does not constitute an extraordinary and compelling reason to modify [his] sentence by adding a term of supervised release." *Mina-Arce*, 2024 WL 4635375, at *1; *see also Pina*, 2023 WL 8759830, at *6; *United States v. Tyurin*, 2024 WL 3226521, at *3 (S.D.N.Y. June 27, 2024); *United States v. Bevz*, 2023 WL 8936323, at *1 (S.D.N.Y. Dec. 27, 2023). Defendant offers no authority for directly reducing a defendant's term of imprisonment to facilitate his further early release under the FSA, and the Court is not aware of any such authority. Defendant simply does not provide "extraordinary and compelling reasons" to change the sentence that was imposed, and, therefore, the Court "may not" reduce or otherwise modify his sentence. 18 U.S.C. § 3582(c).

As Defendant stresses in his motion, in *Perez Sanchez*, a judge in the Eastern District of New York concluded that a defendant's "immigration status should [not] preclude him from earning and applying FSA credits for as long as he is subject to only an ICE detainer," in contrast with a final order of removal. *Perez Sanchez*, 2024 WL 1069884, at *4; *see* Mot. at 3; 18 U.S.C. § 3632(d)(4)(E)(i) (a prisoner is "ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal"). However, the judge in *Perez Sanchez* acknowledged that his view is an outlier. *Perez Sanchez*, 2024 WL 1069884, at *5 ("I recognize that this conclusion departs from those reached by several other judges within this circuit."). This Court rejects the proposition that a defendant's status as a deportable alien weighs in favor of reducing or otherwise modifying his sentence to facilitate his early release. *See Bevz*, 2023 WL 8936323, at *1 (denying motion where defendant was "not yet subject to a final order of removal").

The Court, furthermore, must consider "how early release would impact the aims of the

3

original sentence." *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020). Defendant was sentenced approximately five years after the First Step Act was enacted. As explained above, Judge Crotty determined that it was not appropriate in this case to impose a term of supervised release [ECF No. 114 at 3 ("No supervision")], notwithstanding that a sentence must include a term of supervision for a prisoner to be eligible to apply time credits toward early release under the FSA. Defendant contends that granting his motion would incentivize his rehabilitation and reduce his risk of recidivism as envisioned by the FSA. *See* Mot. at 4. However, Judge Crotty had discretion at the time of Defendant's original sentencing to find that imposing a term of supervision "would provide an added measure of deterrence and protection based on the facts and circumstances of [this] particular case," *Alvarado*, 720 F.3d at 155, and Judge Crotty did not so find [ECF No. 114 at 3; *see* ECF No. 116]. Defendant offers the Court no reason to second guess Judge Crotty's original sentence.

Accordingly, Defendant's motion for a modification of his sentence is DENIED. The Clerk of Court respectfully is requested to terminate ECF No. 119.

**SO ORDERED.**

**Dated:  April 28, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

4